IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID Z. RING,**
 Individually and as Proposed
 Class Representative,

    Plaintiff,

vs.                    No. CIV 02-1285 MCA/RLP

**CHRISTOPHER MORENO,**
 Probation Officer for the New Mexico Corrections
 Department, Probation and Parole Division, Region II,
 In his individual capacity;

**SARA GRIFFIN,**
 Director of the New Mexico Corrections
 Department, Probation and Parole Division, Region II,
 In her individual capacity;

**STATE OF NEW MEXICO,**
 d/b/a New Mexico Corrections Department,
 Probation and Parole Division, Region II,
 For Declaratory and Injunctive Relief;

    Defendants.

## FIRST AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW, FOR DECLARATORY AND INJUNCTIVE RELIEF, FOR PUNITIVE DAMAGES, AND FOR CLASS ACTION CERTIFICATION

  Plaintiff, by and through his attorney of record, Dennis W. Montoya, MONTOYA LAW, INC., brings this complaint pursuant to 42 U.S.C. § 1983, for violation of his civil rights under color of state law, for declaratory and injunctive relief, for punitive damages, and for certification of this action as a class action pursuant to the Federal Rules of Civil Procedure. For his complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this action pursuant to 42 U.S.C. §1983. Defendants are residents of New Mexico. Plaintiff is a resident of the State of New Mexico. Plaintiff's cause of action arose in New Mexico. All of the acts complained of occurred in New Mexico. Venue is therefore proper in this District.

## PARTIES

2.       At all times relevant to the instant complaint, Plaintiff David Z. Ring was a resident and citizen of New Mexico.

3.       Defendant State of New Mexico is a sovereign state of the United States of America.

4.       At all times material hereto, Defendant State of New Mexico was the employer of Defendants Moreno and Griffin. With regard to Plaintiff's §1983 claims put forth herein, New Mexico acted through its employees and agents, Defendants Moreno and Griffin, each of whom were or are law enforcement officers within the meaning of §41-4-12, *et seq.*, of the New Mexico Tort Claims Act.

5.       At all times material hereto, Defendant Christopher Moreno ("Moreno") and Sara Griffin ("Griffin") (collectively, "individual Defendants") were employed by Defendant New Mexico. At all times material hereto, the individual Defendants were acting under color of New Mexico State law and within the scope of their duties as employees of the New Mexico Corrections Department. In connection with Plaintiff's §1983 claims, Defendants Moreno and Griffin are sued solely in their personal, or individual capacities.

6.      At all times material hereto, the individual Defendants were acting in accordance with and pursuant to the customs, policies, and procedures of the New Mexico Corrections Department, Probation and Parole Division, Region II, which is a division of Defendant State of New Mexico. Defendants' actions were authorized by the New Mexico Corrections Department, Probation and Parole Division, Region II and by Defendant State of New Mexico.

## FACTUAL BACKGROUND

7.      In March of 2001, Defendant Moreno advised Plaintiff that he was required to pay his entire balance of probation administration fees from the date his probation agreement was executed until his scheduled release date. Plaintiff's scheduled release date was February 12, 2004.

8.      Plaintiff complied with this request and remitted payment on May 21, 2001. See attached, Exhibit A: Letter to Moreno; Exhibit B: Receipt Table; and Exhibit C: Copies of Receipts for Fees.

9.      Plaintiff was successfully discharged from probation on August 15, 2001.

10.     Therefore, Plaintiff was required to remit payment for probation administrative costs in the amount of $15.00 per month for thirty (30) months during which he was not supervised, to wit: September 2001 through February 2004.

11.     The total amount at issue is four hundred fifty dollars ($450.00).

12.     Plaintiff requested the return of the aforementioned four hundred fifty dollars ($450.00) in the criminal court. See attached Exhibit D: Motion to Return Probation Administration Fees in CR 98-01452.

13.     The criminal court, Hon. Frank H. Allen, Jr., presiding, ordered Defendants to

return Plaintiff's money. See attached <u>Exhibit E: Order Releasing All Non-Contraband Evidence, etc</u>, in CR 98-01452.

15. Plaintiff's then-attorney, Joe M. Romero, Jr., sent a certified letter to Defendant Griffin requesting the return of Plaintiff's money on Wednesday, May 22, 2002. Joe M. Romero, Jr. wrote to Ms. Griffin, via facsimile and first-class mail, again on Thursday, August 01, 2002. See attached <u>Exhibit F: Letter to S. Griffin from Joe M. Romero, Jr.</u>; <u>Exhibit G: Second Letter to S. Griffin from Joe M. Romero, Jr</u>.

15. In addition, Plaintiff contacted Defendant Moreno telephonically to notify him of the Court's Order and to request the return of his money.

16. Despite the Order propounded by the criminal court, Joe M. Romero, Jr.'s two (2) letters to Defendant Griffin, and Plaintiff's telephonic contact with Defendant Moreno, Defendants have refused to return Plaintiff's money.

17. Upon information and belief after diligent investigation, it is the custom, policy, and procedure of the New Mexico Corrections Department, Probation and Parole Division, Region II, a division of the State of New Mexico, to require persons on probation to pay all monthly probation administration fees for the maximum possible term of the sentence in advance.

18. Upon information and belief after diligent investigation, it is the custom, policy, and procedure of the New Mexico Corrections Department, Probation and Parole Division, Region II, a division of the State of New Mexico to subsequently retain the complete balance of said charges regardless of the actual term of probation served, including instances where persons

on probation have been charged monthly probation administration fees for months they were not on probation.

19. Moreover, the fact that the refusal to return Plaintiff's money is the custom, policy, and practice of the State of New Mexico may be inferred by the obviousness of the facts present herein, to wit: in the intervening two (2) years since Plaintiff's release from probation the State has made no attempt to return Plaintiff's money.

20. As a result of the actions of Defendants, Plaintiff suffered a violation of his civil rights.

### COUNT I: SECTION 1983 CLAIM UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

21. Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

22. When Defendants deprived Plaintiff of his property, Plaintiff was protected from illegal and unconstitutional deprivations of property and liberty by the procedural due process guarantees of the Fifth and Fourteenth Amendment to the United States Constitution that require that government actions, such as those described herein, be implemented in a fair and equitable manner. Specifically, the due process clause requires the promulgation of laws and regulations providing for regular procedures which the government must follow before it may deprive an individual of life, liberty or property.

23. Defendants' wrongful actions in illegally seizing and depriving Plaintiff of his property through coercion violated Plaintiff's rights to receive all protections required under the procedural due process guarantees under the aforementioned Constitutional Amendment. Said

action deprived Plaintiff of property without fair procedures in violation of his procedural due process rights and said deprivations resulted from Defendant State of New Mexico's custom(s) and/or policy(ies).

24.     Defendants Moreno and Griffin acted pursuant to the policy and procedure of the New Mexico Corrections Department, Probation and Parole Division, Region II. The policy of Defendant State of New Mexico was the moving force underlying violation of Plaintiff's rights and Defendant State of New Mexico was fully aware of the actions of the individual Defendants herein. Furthermore, Defendant State of New Mexico did not provide sufficient provisions for adequate post-deprivation relief for the Plaintiff. The municipal custom or policy regarding deprivation of property by New Mexico Corrections Department, Probation and Parole Division, Region II officers resulted in a violation of Plaintiff's rights and was the driving force behind said deprivation. In addition, the existing state remedies, which might have garnered the return of Plaintiff's property at his own expense and with additional and undue hardship, were and are inadequate.

25.     The actions of Defendants Moreno and Griffin, although perpetrated pursuant to the official policy of the State of New Mexico and the New Mexico Corrections Department, Probation and Parole Division, Region II, were perpetrated intentionally, and were malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights. Defendants acted with deliberate indifference towards Plaintiff's constitutional rights. Defendants' actions and Defendants' policies and procedures shock the contemporary community conscience.

26.     Defendants' wrongful acts, policies, and procedures, to wit: the authorized and intentional unlawful seizure of Plaintiff's money, which money was allegedly taken to pay for "probation administration fees," but was charged for a time-period that Plaintiff was not on probation, deprived Plaintiff of his property interest in the aforementioned legitimately-obtained monetary property and proximately caused Plaintiff damages and injuries. The rights in question were clearly established prior to May 21, 2001, and any reasonable law enforcement officer would have been aware that the conduct of Defendants and the policy of Defendant State of New Mexico, as described herein, was a violation of Plaintiffs' constitutional rights.

**WHEREFORE**, Plaintiff asks for nominal and compensatory damages, including pre- and post-judgment interest, and punitive damages against the individual Defendants for their wrongful acts and for all civil rights deprivations suffered by Plaintiff at the hands of the individually named Defendants, pursuant to Defendant State of New Mexico's police policies, customs, and procedures. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order trial by jury of the case on its merits, and after trial, award nominal, compensatory, and punitive damages and to the proposed class, for declaratory and injunctive relief, and for costs of this action, including reasonable attorney's fees, and for such other and further relief as may be deemed just and equitable under the circumstances.

## COUNT II: DECLARATORY JUDGMENT DETERMINING
## THE UNCONSTITUTIONALITY OF STATE OF NEW MEXICO'S
## CUSTOM, POLICY AND PROCEDURE
## (NEW MEXICO DECLARATORY JUDGMENT ACT)

27. Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

28. This cause of action is brought pursuant to the New Mexico Declaratory Judgment Act, NMSA 1978 § 44-6-1, *et seq*.

29. Plaintiff's action herein arises from the Defendant State of New Mexico's custom, policy, and procedure regarding the authorized and intentional unlawful seizure of Plaintiff's money, which money was allegedly taken to pay for "probation administration fees," but was charged for a time-period that Plaintiff was not on probation.

30. The above-described custom, policy, and/or procedure is contrary to and in violation of the equal protection provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as Article II § 18 of the New Mexico Constitution.

31. An actual controversy exists between the Plaintiff and the State of New Mexico, thus justifying the invocation of the New Mexico Declaratory Judgment Act.

**WHEREFORE** Plaintiff requests that this court declare the legal rights of the parties and specifically determine that the custom, policy, and procedure of the State of New Mexico and its subsidiary, the New Mexico Corrections Department, Probation and Parole Division, Region II, is unconstitutional.

### COUNT III: DECLARATORY JUDGMENT DETERMINING THE UNCONSTITUTIONALITY OF STATE OF NEW MEXICO'S CUSTOM, POLICY AND PROCEDURE (42 U.S.C. 1983)

32.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

33.     This cause of action is brought pursuant to the 42 U.S.C. § 1983.

34.     Plaintiff's action herein arises from the Defendant State of New Mexico's custom, policy, and procedure regarding the authorized and intentional unlawful seizure of Plaintiff's money, which money was allegedly taken to pay for "probation administration fees," but was charged for a time-period that Plaintiff was not on probation.

35.     The above-described custom, policy, and/or procedure is contrary to and in violation of the equal protection provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as Article II § 18 of the New Mexico Constitution.

36.     Plaintiff is entitled to declaratory relief pursuant to 42 U.S.C. §1983.

**WHEREFORE** Plaintiff requests that this court declare the legal rights of the parties and specifically determine that the custom, policy, and procedure of the State of New Mexico and its subsidiary, the New Mexico Corrections Department, Probation and Parole Division, Region II, is unconstitutional.

### COUNT IV:  REQUEST FOR INJUNCTIVE RELIEF

37.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

38.     Plaintiff's action herein arises from the Defendant State of New Mexico's custom, policy, and procedure regarding the authorized and intentional unlawful seizure of Plaintiff's

money, which money was allegedly taken to pay for "probation administration fees," but was charged for a time-period that Plaintiff was not on probation.

39. The above-described custom, policy, and/or procedure is contrary to and in violation of the equal protection provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as Article II § 18 of the New Mexico Constitution.

40. Plaintiff has reason to believe, upon information and after diligent investigation, that said custom, policy, and/or procedure, and the practices complained of herein, are widespread throughout the jurisdictional reaches of the New Mexico Corrections Department, Probation and Parole Division, Region II.

41. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §1983.

**WHEREFORE** Plaintiff requests that this court enjoin the ongoing and widespread deprivation of civil rights complained of herein, pursuant to the custom, policy, and procedure of the State of New Mexico, which is unconstitutional.

## COUNT V:  PUNITIVE DAMAGES

42. Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

43. The actions and omissions of Defendants Moreno and Griffin, in their individual capacities, were undertaken in reckless disregard of and with reckless indifference for the Plaintiff's rights and privileges protected under the Constitution and laws of the United States of America, and in addition and in the alternative, the actions and omissions of Defendants Moreno and Griffin, in their individual capacities, were undertaken maliciously, wantonly, with reckless indifference and reckless disregard, and with the intent to cause Plaintiff harm and did, in fact,

cause Plaintiff harm and injury.

44.     An award of punitive damages is therefore justified with regards to the Defendants named in their individual capacities herein, so as to dissuade these and others similarly situated from engaging in the same or similar acts in the future.

45.     No claim for punitive damages against any governmental entity or any Defendant in his or her official capacity, as otherwise prohibited by law, is intended or implied herein.

## COUNT VI:  FAILURE TO TRAIN AND SUPERVISE

46.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

47.     Defendant Moreno's seizure of Plaintiff's money was not objected to by his supervisors; no corrective action been taken against Defendant Moreno by Defendant Moreno's supervisors, either before or after the inception of the instant action; no action has been taken to restore Plaintiff's property to him since said return was ordered two years ago; and Defendant Moreno himself admitted that paying the "probation administration fees" at issue, in advance and for a time during which Plaintiff was not on probation, was a requirement in order to be released from probation early.

48.     Therefore, it is obvious that Plaintiff's action arises either from the explicit custom, policy, and procedure or, in the alternative, a *de facto* custom, policy, and procedure regarding the authorized and intentional unlawful seizure of Plaintiff's money, which money was allegedly taken to pay for "probation administration fees," but charged for a time-period that Plaintiff was not on probation.

49.     The acts and omissions in violation of Plaintiff's rights on the part of Defendants

Moreno and Griffin, who are employed by the State of New Mexico, developed over a prolonged period of time and with adequate notice to responsible management officials of the New Mexico Corrections Department that these acts and omissions were taking place.

50. Despite adequate notice, New Mexico Corrections Department officials failed and refused to exercise supervisory control and authority over Defendants Moreno and Griffin and failed and refused to train said Defendants adequately in order to stop the violations of Plaintiff's protected rights complained of herein.

51. Plaintiff, as class representative is entitled to injunctive relief against Defendant State of New Mexico, New Mexico Corrections Department, enjoining them from refusing or knowingly failing to supervise the probation officers in their employ regarding the illegal collection of "probation administration fees" for time periods during which probationers are not under supervision (as in this case).

52. Plaintiff is entitled to declaratory judgment regarding the foregoing failure pursuant to 42 U.S.C. § 1983 and the New Mexico Declaratory Judgment Act, NMSA 1978 § 44-6-1, *et seq*.

**WHEREFORE** Plaintiff requests that this court enjoin the ongoing and widespread deprivation of civil rights complained of herein and enter declaratory judgment against the State of New Mexico, New Mexico Corrections Department.

## COUNT VII:  REQUEST FOR CLASS CERTIFICATION

53. Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

54. The acts and omissions complained of herein are capable of repetition, yet

avoiding judicial review, and similar acts and omissions have in fact occurred with respect to the named Defendants and others similarly situated to the Plaintiff.

55. The Federal Rules of Civil Procedure, Fed.R.Civ.P. 23, authorize certification of a class if the following criteria are met:

> (a) The class is so numerous that joinder of all members is impracticable;
>
> (b) There are questions of law or fact common to the class;
>
> (c) The claims or defenses of the representative parties are typical of the claims and defenses of the class; and
>
> (d) The representative parties will fairly and adequately protect the interests of the class.

This case meets the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure and the Plaintiff is an individual capable of fairly representing the proposed class of Plaintiffs, being all citizens negatively affected by the acts and omissions complained of herein, and similar acts and omissions in future instances.

**WHEREFORE,** Plaintiff prays that the Court accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings, including the issue of class certification. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order trial by jury of the case on its merits, and after trial, damages, declaratory and injunctive relief, costs of this action and reasonable attorney's fees, and for such other and further relief as may be deemed just and equitable under the circumstances as described above.

## REQUEST FOR PREJUDGMENT INTEREST

56. The foregoing paragraphs are herein incorporated by reference as if fully set forth.

57. Defendants have not made a settlement offer.

**WHEREFORE** Plaintiff therefore requests prejudgment interest at the statutory rate retroactively calculated to the filing date of this Complaint.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all counts so triable.

                                                Respectfully submitted,

                                                **MONTOYA LAW, INC**.

By: _____

                                                Dennis W. Montoya
                                                Attorney for Plaintiff Ring
                                                1905 Lomas Blvd NW
                                                Albuquerque, NM 87104

                                                (505) 246-8499
                                                (505) 246-8599 (facsimile)